56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 SRE CARLSBAD, INC., Third/Party Plaintiff-Appellant,
v.
KERR-MCGEE COAL CORPORATION, Third/Party Defendant-Appellee.
 No. 93-3498.
 United States Court of Appeals, Seventh Circuit.
 Argued April 3, 1995.
Decided May 25, 1995.
 
 Before RONEY,* FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 SRE Carlsbad (SRE) attempted to amend its complaint against Kerr-McGee to add a claim for negligent spoliation of evidence. The district court denied SRE's motion to amend, reasoning that Illinois did not recognize the tort of negligent spoliation of evidence. The district court also denied SRE's subsequent "motion for reconsideration." SRE appeals the district court's denials of its motions. In light of a subsequent Illinois Supreme Court decision, we vacate the district court's denial of leave to amend and we remand to the district court to again consider the matter.
 
 I. Background
 
 2
 This case is a subset of a larger litigation, which we explain briefly. Kerr-McGee is a coal mining corporation. In July 1990, two men, the plaintiffs in the underlying case, were injured in a mining accident when an axle broke and a vehicle overturned. Those plaintiffs sued several different entities, including SRE, which had manufactured the allegedly defective vehicle. SRE brought a third-party action against Kerr-McGee, alleging that the vehicle's axle broke because Kerr-McGee had improperly maintained the vehicle, and demanding contribution from Kerr-McGee.
 
 
 3
 Several months after SRE filed its original action against Kerr-McGee, SRE asked the district court to allow SRE to amend its complaint, to add a completely new theory of recovery. SRE alleged in its proposed amended complaint that Kerr-McGee, which had been holding components of the vehicle involved but had allegedly failed to preserve them, was liable for negligent spoliation of evidence under Illinois law.
 
 
 4
 The district court noted that "[a]lthough there may appear to be a few Illinois cases where such a cause of action is suggested, no Illinois court has sanctioned such a cause of action." Concluding that the tort of negligent spoliation of evidence did not exist under Illinois law, the district court refused to allow SRE to amend its claim. SRE appeals that ruling.
 
 II. Analysis
 
 5
 After the parties had completed briefing on appeal, the Illinois Supreme Court decided Boyd v. Travelers Ins. Co., No. 75466, 1995 WL 19269 (Ill. 1995). Boyd explicitly refused to recognize negligent spoliation of evidence as a new tort, rejecting the approach of a few states that have done so. However, Boyd also allowed an alternative. "[T]raditional remedies adequately address the problem presented in this case. An action for negligent spoliation can be stated under existing negligence law without creating a new tort." Boyd, slip op. at 4-5. Proceeding through a "traditional remedy" would require the stock elements of a common law negligence claim: that SRE prove that Kerr-McGee owed it a duty, that Kerr-McGee breached that duty, that the breach was the proximate cause of an injury to SRE, and damages. See id. at 5.
 
 
 6
 Boyd noted that a duty to preserve evidence could arise in five ways: through an agreement, a contract, a statute, other "special circumstances," or a voluntary assumption of duty by affirmative conduct. Id. SRE admits the first four do not exist in its case, but it says to us that Kerr-McGee voluntarily assumed a duty to preserve the axle and its related components. In its proposed amended complaint, SRE said little about Kerr-McGee voluntarily assuming a duty to preserve evidence, probably because the focus of dispute before the district court was whether the separate tort of spoliation of evidence existed at all. SRE did allege that "Kerr-McGee initially took affirmative steps to preserve the relevant evidence in this case, but then failed to continue preservation of the same."
 
 
 7
 It could be argued that SRE's proposed amended complaint makes out a tort claim such as Boyd suggested might be equivalent to a spoliation of evidence claim. However, the district court did not consider whether SRE's proposed amended complaint might constitute a claim under traditional principles of Illinois tort law. Nor should the district court necessarily have done so: SRE labeled its proposed claim "Third-Party Claim for Spoliation of Evidence," and SRE argued the existence of that tort, not traditional negligence.[1]
 
 
 8
 However, in light of Boyd, SRE should be allowed to present its arguments to the district court again, perhaps with a new proposed amended complaint along the lines Boyd set out for plaintiffs proceeding under Illinois law. The district court should determine if the allegations state a claim under Boyd. Even if they do, the district court does not necessarily have to grant leave to amend, of course, but we leave those decisions to the district court.[2] This sends the parties back to square one, we realize, but the parties will have a full opportunity to address the relevant issues under the now-clarified structure of Illinois tort law.
 
 
 9
 We VACATE the district court's denial of leave to amend, and REMAND for further proceedings consistent with this order.
 
 
 
 *
 The Honorable Paul H. Roney of the Eleventh Circuit, sitting by designation
 
 
 [1]
 SRE also alleged that Kerr-McGee had a statutory duty to preserve evidence under federal mine safety regulations, but SRE has abandoned this argument on appeal
 
 
 [2]
 After the district court rejected SRE's amended claim, Kerr-McGee settled with the plaintiffs in the underlying case (the coal miners). SRE also settled with the plaintiffs. Kerr-McGee suggests those settlements may affect SRE's claim; we leave this also to the district court to consider, because it has a more complete overview of the case